UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RICKY SANTOS,                                          :

                 Petitioner,       :       10 Civ. 2896 (LTS) (AJP)

          -against-                 :       **REPORT AND RECOMMENDATION**

D. ROCK,                                               :

               Respondent.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Laura Taylor Swain, United States District Judge:**

               Pro se petitioner Ricky Santos seeks a writ of habeas corpus from his June 27, 2007 conviction following a guilty plea in Supreme Court, New York County, for first degree robbery and sentence of sixteen years imprisonment. (Dkt. No. 9: 2d Am. Pet. ¶¶ 1-5.) Santos' second amended habeas petition appears to assert that: (1) he received ineffective assistance of counsel because counsel failed to "fight by [his] side at all" and failed to notify the court of his mental state at plea or sentencing; (2) his guilty plea was involuntary because he "was in a[n] unstable state of mind, and did not know what was going on"; (3) he was mentally incompetent at plea and sentencing; and (4) his sentence was harsh and excessive. (2d Am. Pet. ¶ 13; see also Dkt. No. 4: Am. Pet. ¶ 13.)

               For the reasons set forth below, Santos' habeas petition should be DENIED.

## FACTS

**Background**

On December 4, 2006, Santos was arrested in connection with several knife-point robberies in East Harlem from November 13 to December 1, 2006.  (Dkt. No. 14: La Ferlita Aff. Ex. A: Santos 1st Dep't Br. at 3.)  On December 15, 2006, a New York County grand jury indicted Santos for six counts of first degree robbery and one count of first degree attempted robbery. (Santos 1st Dep't Br. at 3.)

**Santos' Guilty Plea**

On June 12, 2007, Santos appeared with counsel before Justice Edward McLaughlin. (Dkt. No. 12: 6/12/07 Plea Transcript ("P.") 2-3.)  At Santos' attorney's request, Justice McLaughlin reviewed with Santos the terms of the pending plea offer of sixteen years imprisonment in exchange for Santos' guilty plea to a single count of first degree robbery.  (P. 2-3.)  Justice McLaughlin explained that if Santos accepted the plea offer he could be released after thirteen years, eight months and three weeks assuming "a good institutional record," that is, because of good time credit. (P. 3.)  Justice McLaughlin explained that if Santos rejected the plea offer and was convicted after trial, he faced the possibility of consecutive sentences and thus a potential sentence of up to forty or fifty years.  (P. 3-4.)  Justice McLaughlin added that a sentencing judge might impose a prison term on the longer side of the permissible range because some of the crime victims were elderly. (P. 4.)  Nonetheless, Justice McLaughlin also explained that while he was "telling [Santos] what the possibilities are," he was "not suggesting what the sentence would be" and "not threatening."  (P.

4, 6.)  After consulting with his counsel (P. 6), Santos accepted the offer and entered a plea of guilty
to first degree robbery.  (P. 6-10.)

Justice McLaughlin first inquired as to whether Santos understood the nature of the
charges:

THE COURT:  Mr. Santos[,] do you understand that you [are] now pleading guilty to a felony crime?

THE DEFENDANT:  Yes.

THE COURT:  It is charged that on November the 13th, 2006, in Manhattan, you forcibly stole some property from a person while you threatened the use of a dangerous instrument, specifically, some kind of a cutting instrument.

Did you do that?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that is what your are pleading guilty to?

THE DEFENDANT:  Yes.

(P. 7.)  Justice McLaughlin next advised Santos of the rights he was giving up by pleading guilty:

THE COURT:  Do you understand by pleading guilty you are giving up your right to a trial[?]

That a plea of guilty by somebody such as yourself accused of a felony [and] a conviction by the jury of the person for that felony [have] the same legal meaning, a felony conviction[?]

Do you understand they both mean the same thing?

THE DEFENDANT:  Yes.

THE COURT:  If the trial happened your lawyer would have questioned anybody testifying against you.

> You would have the right, [though] not the obligation to testify.
>
> The People would have to prove the case against you beyond a reasonable doubt.
>
> Do you understand . . . because you are pleading guilty[,] you are not going to have the trial?
>
> THE DEFENDANT:  Yes.

(P. 7-8.)  Justice McLaughlin discussed the sentence promised as part of the plea agreement:

> THE COURT:  As you came into court today, you were charged with . . . six [counts of] [r]obbery in the first degree [and one count of] attempt to commit robbery in the first degree and whether the aggregate [sentence] is the 40 or the 50 [years], again, I'm not threatening or promising[] you but in theory, you face if the jury were to find you guilty of these, consecutive sentences on one or more of them.
>
> You have been given a chance to plead guilty to one charge [of robbery in the first degree].  On that, the minimum sentence by law, given your prior non violent felony, the minimum sentence is eight years determinate, and the maximum is 25 years on that one charge.
>
> I have told you that I'm going to give you a sentence of 16 years determinate . . . . That is what I'm imposing.
>
> . . .
>
> Have you had a chance to speak, I know you have had, to [defense counsel] Ms. Conway both today and on other days, and has she explained to you your various legal rights and your options with regard to these charges within this indictment?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  Are you pleading guilty because you are in fact guilty of the charge?
>
> THE DEFENDANT:  Yes.

(P. 8-9.)  Justice McLaughlin also inquired whether Santos was under the influence of drugs:

> THE COURT:  Are you under the influence of any drug or alcohol today?
>
> THE DEFENDANT:  No I'm not.
>
> THE COURT:  Is what you told me today true?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  So, if you were to tell me or some other judge in the future [something] different from what you are saying today, that future statement would not be true because you have told me the truth today, am I correct[?]
>
> THE DEFENDANT:  Correct.

(P. 9-10.)

Justice McLaughlin adjudicated Santos a second felony offender based on his 1998 conviction for third degree attempted criminal possession of a controlled substance.  (P. 10-11.) Justice McLaughlin scheduled sentencing for June 26, 2007.  (P. 11-12.)

**Sentencing**

On June 26, 2007, pursuant to the negotiated plea agreement, Justice McLaughlin sentenced Santos to sixteen years imprisonment.  (Dkt. No. 12: 6/26/07 Sentencing Transcript ("S.") 2.)  When Justice McLaughlin asked Santos and his counsel if they had anything to say, Santos said "No" and his counsel stated that they would rely on the plea agreement.  (S. 2.)

**Santos' Direct Appeal**

Represented by new counsel, Santos' appeal to the First Department argued that his sentence was "harsh and excessive and should be reduced in the interests of justice."  (Dkt. No. 14: La Ferlita Aff. Ex. A: Santos 1st Dep't Br. at 6-14.)

On June 2, 2009, the First Department unanimously affirmed Santos' conviction.

People v. Santos, 63 A.D.3d 414, 414, 879 N.Y.S.2d 804, 804 (1st Dep't 2009).  On July 29, 2009,

the New York Court of Appeals denied leave to appeal.  People v. Santos, 12 N.Y.3d 929, 884

N.Y.S.2d 710 (2009).

**Santos' Federal Habeas Corpus Petition and Proceedings**

On or about December 21, 2009, Santos filed a pro se federal habeas corpus petition.

(Dkt. No. 2: Pet. at last page.)  On April 5, 2010, Chief Judge Preska issued a "60 Day Order"

requiring Santos to clarify the nature of his Constitutional claim and whether his claim(s) were

exhausted in state court.  (Dkt. No. 3: 4/5/10 Order.)  On April 22, 2010, Santos filed an amended

petition, essentially repeating what he had said in his original petition and adding a list of citations

to the New York C.P.L. and state court decisions.  (Dkt. No. 4: Am. Pet. at p. 4-5.)  On May 12,

2010, this Court ordered Santos to "either (1) confirm that his only claim is the . . . sentencing claim

[raised on direct appeal], or (2) state what (other) claims he [was] raising."  (Dkt. No. 7: 5/12/10

Order.)  That order crossed in the mail with Santos' May 10, 2010 second amended petition

appearing to allege that:  (1) he received ineffective assistance of counsel because counsel failed to

"fight by [his] side at all" or notify the court of his mental state at plea or sentencing; (2) his guilty

plea was involuntary because he "was in a[n] unstable state of mind, and did not know what was

going on"; (3) he was mentally incompetent at his plea and sentencing; and (4) his sentence was

harsh and excessive.   (Dkt. No. 9: 2d Am. Pet.)

After the State responded to all of the potential claims in Santos' second amended

petition (Dkt. No. 13: State Br.), this Court stayed Santos' habeas petition, because "[o]nly the

excessive sentence claim was raised in state court," and "[i]t is possible that at least [Santos']

ineffective assistance claim still can be brought in state court via a C.P.L. § 440 motion."  (Dkt. No.

16: 8/2/10 Order.)  This Court ordered Santos within "thirty (30) days to bring a C.P.L § 440 motion

in state court to attempt to exhaust his three unexhausted claims" and to "file a Third Amended

Petition in this Court within thirty (30) days of the final state court ruling."  (8/2/10 Order.)[1]

### Santos' C.P.L. § 440 Motion

On August 31, 2010, Santos filed a pro se C.P.L. § 440.10 motion in state court

arguing that he was denied the effective assistance of counsel because counsel failed to:  (1) review

with Santos the facts of the case or the nature or the elements of the charges (Dkt. No. 18: Santos

§ 440 Br. at 11); (2) investigate a defense of not guilty due to "mental disease or defect" (id. at 11,

13-14); (3) pursue a dismissal of Santos' indictment on speedy trial grounds (id. at 12-13); and

(4) notify the court of Santos' mental state at plea or sentencing (id. at 14-15).  Santos also alleged

that his guilty plea was coerced because Justice McLaughlin "threat[ened] to sentence him to 40

years in prison" if he did not accept the plea, and that he was on medication and therefore

incompetent at plea and sentencing.  (Santos § 440 Aff. ¶¶ 14, 19.)

On March 31, 2011, at the prosecution's request, Santos' state-court defense counsel,

Claudia Conway, submitted an affidavit to the § 440 court in response to Santos' § 440 allegations

about her representation.  (Dkt. No. 21: Conway Aff.)  Conway affirmed that, although Santos told

---

[1]   See, e.g., Zarvela v. Artuz, 254 F.3d 374, 380-82 (2d Cir.) (Where some of petitioner's
claims are unexhausted, action should be stayed and petitioner given thirty days in which to
file state action to exhaust unexhausted claims, and thirty days to return to the district court
after exhaustion is completed.), cert. denied, 534 U.S. 1015, 122 S. Ct. 506 (2001), cited
with approval, Rhines v. Weber, 544 U.S. 269, 278, 125 S. Ct. 1528, 1535 (2005) (endorsing
the use of Zarvela-type stay and abeyance techniques and time limits).

her of his "serious drug addiction problem" and history of mental illness, he "never suggested that he was so intoxicated . . . that he was unable to form the intent to commit robbery," or that he suffered from depression severe enough to support a defense of mental disease or defect.  (Conway Aff. ¶¶ 7-8.)  Conway also affirmed that she explained to Santos the legal standards for competency and informed him that she "did not have a factual basis to request [a competency] examination." (Conway Aff. ¶¶ 9, 13-14.)  Additionally, Conway affirmed that she did not believe "six months of speedy trial time had accrued while [Santos'] case was pending, and [she] did not suggest to [Santos] that was the case."  (Conway Aff. ¶ 12.)  Conway explained that "[g]iven the circumstances of the case, [she] believed that the only reasonable strategy was to negotiate a plea bargain with as low a[] sentence as possible."  (Conway Aff. ¶ 11.)[2]  Conway stated that she communicated her strategy to Santos and his brother numerous times, and that they "both agreed with [her] that [it] was the best approach."  (Conway Aff. ¶ 11.)

On April 26, 2011, Justice McLaughlin denied Santos' C.P.L. § 440.10 motion.  (Dkt. No. 25: 1/16/11 La Ferlita Letter to the Court Att.: Justice McLaughlin Decision.)  Justice McLaughlin rejected Santos' ineffective assistance claims, finding that "[i]n the face of overwhelming evidence of guilt -- seven lineup identifications, a confession for each separate crime, defendant's possession of the knife, and a fingerprint match from one of the crime scenes -- defense counsel correctly determined that the only reasonable legal option was to limit the defendant's prison exposure by avoiding a trial and pleading guilty in exchange for a reduced prison sentence."  (Justice

---

[2]    Conway explained that Santos' confession to the crimes, his identification in lineups by victims and his fingerprints at one of the robbery scenes, were such that if Santos "were to go to trial in this case, he stood no chance of securing an acquittal."  (Conway Aff. ¶ 10; see also id. ¶ 6.)

McLaughlin Decision at 7-8.)   Justice McLaughlin explained that Santos had "[n]o viable intoxication defense." (Justice McLaughlin Decision at 8.) Moreover, defense counsel "investigated [Santos'] mental health problem and discovered that he suffered from depression, a condition that did not provide a defense to the crimes charge[d]."  (Justice McLaughlin Decision at 8.)  Justice McLaughlin also determined that "defense counsel did not fail to file a meritorious speedy trial motion" under C.P.L. § 30.30 because "[t]he prosecution . . . announced ready for trial within the six-month" statutory time frame.  (Justice McLaughlin Decision at 8-9.)

Justice McLaughlin also rejected Santos' claim that he had coerced Santos' guilty plea by threatening a forty-year prison sentence.   (Justice McLaughlin Decision at 9.)   Justice McLaughlin noted that he had "stated explicitly that no such threat was being made" and his statement of potential sentence exposure was "instructive, not coercive."  (Justice McLaughlin Decision at 9.)  Lastly, Justice McLaughlin rejected Santos' claim that he was on medication and therefore incompetent at plea and sentencing, noting that Santos had stated during the plea that "he was not under the influence of any medication." (Justice McLaughlin Decision at 9.)  Moreover, neither Justice McLaughlin nor defense counsel detected in Santos' "appearance or visage [anything that] suggested or hinted that he was confused and did not understand the proceeding[s]." (Justice McLaughlin Decision at 9-10.)

On April 28, 2011, a motion clerk from the Supreme Court, New York County, mailed a certified copy of Justice McLaughlin's April 26, 2011 § 440 decision to Santos.  (Dkt. No. 25: 1/16/11 La Ferlita Letter to the Court Att.: 4/28/11 Letter.)  On June 17, 2011, in an exercise of caution, this Court directed Santos "to move in the First Department for leave to appeal by July 18,"

2011, or the claims raised in his § 440 motion will be considered "unexhausted for federal habeas purposes."  (Dkt. No. 25: 6/17/11 Memo Endorsement.)  Santos has not sought leave to appeal the § 440 decision to the First Department, nor has he otherwise responded to this Court's order.

## ANALYSIS

I.     **ALL OF SANTOS' HABEAS CLAIMS (EXCEPT EXCESSIVE SENTENCE) ARE UNEXHAUSTED AND PROCEDURALLY BARRED BECAUSE HE FAILED TO APPEAL THE DENIAL OF HIS C.P.L. § 440 MOTION TO THE FIRST DEPARTMENT**

### A.     The Exhaustion Doctrine:  Background

Section 2254 codifies the exhaustion requirement, providing that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A).[3/]  As the Supreme Court has made clear, "[t]he exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." Rose v. Lundy, 455 U.S. at 518, 102 S. Ct. at 1203; accord, e.g., O'Sullivan v. Boerckel,  526 U.S. at 845, 119 S. Ct. at 1732.

The Second Circuit determines whether a claim has been exhausted by applying a two-step analysis:

---

[3/]     See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Rose v. Lundy, 455 U.S. 509, 515-16, 102 S. Ct. 1198, 1201 (1982) ("The exhaustion doctrine existed long before its codification by Congress in 1948" in 28 U.S.C. § 2254.); Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 512 (1971); Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054, 115 S. Ct. 1436 (1995); Pesina v. Johnson, 913 F.2d 53, 54 (2d Cir. 1990); Daye v. Attorney Gen., 696 F.2d 186, 190-94 (2d Cir. 1982) (en banc), cert. denied, 464 U.S. 1048, 104 S. Ct. 723 (1984).

> First, the petitioner must have fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts. . . . Second, having presented his federal constitutional claim to an appropriate state court, and having been denied relief, the petitioner must have utilized all available mechanisms to secure [state] appellate review of the denial of that claim.

Diaz v. Coombe, 97 Civ. 1621, 1997 WL 529608 at *3 (S.D.N.Y. June 12, 1997) (Mukasey, D.J. & Peck, M.J.); accord, e.g., O'Sullivan v. Boerckel, 526 U.S. at 843-48, 119 S. Ct. at 1732-34.

"The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney Gen., 696 F.2d at 191.[4/]  The Second Circuit has held that a federal habeas petitioner must have alerted the state appellate court that a federal constitutional claim is at issue. E.g., Cox v. Miller, 296 F.3d at 99; Jones v. Vacco, 126 F.3d at 413-14; Grady v. LeFevre, 846 F.2d 862, 864 (2d Cir. 1988); Petrucelli v. Coombe, 735 F.2d 684, 688-89 (2d Cir. 1984); Daye v. Attorney Gen., 696 F.2d at 191.  In Daye, the Second Circuit en banc stated:

> [T]he ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution, include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

---

[4/]    Accord, e.g., O'Sullivan v. Boerckel, 526 U.S. at 844, 119 S. Ct. at 1732; Picard v. Connor, 404 U.S. at 275-76, 92 S. Ct. at 512; Jones v. Keane, 329 F.3d 290, 294-95 (2d Cir.), cert. denied, 540 U.S. 1046, 124 S. Ct. 804 (2003); Cox v. Miller, 296 F.3d 89, 99 (2d Cir. 2002), cert. denied, 537 U.S. 1192, 123 S. Ct. 1273 (2003); Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997).

Daye v. Attorney Gen., 696 F.2d at 194.[5/]

        The Supreme Court has confirmed the long-held view of the Second Circuit that "a state prisoner must present his claims to a state supreme [i.e., highest] court in a petition for discretionary review in order to satisfy the exhaustion requirement."  O'Sullivan v. Boerckel, 526 U.S. at 839-40, 119 S. Ct. at 173.[6/]

## B.    **Application to Santos' Habeas Claims**

        Here, all of Santos' claims, except his excessive sentence claim, were raised only in his C.P.L. § 440 motion, and Santos did not seek leave to appeal to the First Department from Justice McLaughlin's denial of the motion.  (See pages 6-7, 10 above.)

---

[5/]    Accord, e.g., Smith v. Duncan, 411 F.3d 340, 348 (2d Cir. 2005); Jackson v. Edwards, 404 F.3d 612, 618 (2d Cir. 2005); Rosa v. McCray, 396 F.3d 210, 217-18 (2d Cir.), cert. denied, 546 U.S. 889, 126 S. Ct. 215 (2005); St. Helen v. Senkowski, 374 F.3d 181, 182-83 (2d Cir. 2004), cert. denied, 543 U.S. 1058, 125 S. Ct. 871 (2005); Cox v. Miller, 296 F.3d at 99; Ramirez v. Attorney Gen., 280 F.3d 87, 95 (2d Cir. 2001); Levine v. Comm'r of Corr. Servs., 44 F.3d 121, 124 (2d Cir. 1995), cert. denied, 520 U.S. 1106, 117 S. Ct. 1112 (1997); Grady v. LeFevre, 846 F.2d at 864; Garofolo v. Coomb, 804 F.2d 201, 206 (2d Cir. 1986); Petrucelli v. Coombe, 735 F.2d at 688.

[6/]    Accord, e.g., Rosa v. McCray, 396 F.3d at 217; Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir.), cert. denied, 544 U.S. 1025, 125 S. Ct. 1996 (2005); Calderon v. Keane, 115 F. App'x 455, 457 (2d Cir. 2004); Cotto v. Herbert, 331 F.3d 217, 237 (2d Cir. 2003); Ramirez v. Attorney Gen., 280 F.3d at 94; Jordan v. LeFevre, 206 F.3d 196, 198 (2d Cir. 2000); Morgan v. Bennett, 204 F.3d 360, 369 (2d Cir.), cert. denied, 531 U.S. 819, 121 S. Ct. 59 (2000); Bossett v. Walker, 41 F.3d at 828 ("To fulfill the exhaustion requirement, a petitioner must have presented the substance of his federal claims 'to the highest court of the pertinent state.'"); Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991) ("a petitioner must present his federal constitutional claims to the highest court of the state before a federal court may consider the merits of the petition"); Pesina v. Johnson, 913 F.2d at 54 ("We have held that the exhaustion requirement mandates that federal claims be presented to the highest court of the pertinent state before a federal court may consider the petition," citing Daye); Daye v. Attorney Gen., 696 F.2d at 191 n.3 ("Exhaustion of available state remedies requires presentation of the claim to the highest state court from which a decision can be had.").

The thirty-day deadline to seek leave to appeal from the denial of Santos' C.P.L. § 440.10 motion has long since passed.  See C.P.L. § 460.10(4) (to appeal the denial of a § 440.10 motion, a defendant must apply for leave to appeal within 30 days of being served with the decision to be appealed).  Santos has not alleged "improper conduct, inability to communicate, or other facts" to support a motion to extend the time limit pursuant to C.P.L. § 460.30.  People v. Kaczynski, 119 A.D.2d 927, 927, 507 N.Y.S.2d 946, 947 (3d Dep't 1986).  Therefore, Santos now would be barred from raising these claims in the First Department.  E.g., People v. Ferraro, 169 A.D.2d 732, 732, 564 N.Y.S.2d 479, 480 (2d Dep't) ("Since the defendant failed to timely move for leave to appeal from the order denying his postjudgment motion pursuant to CPL 440.10 to vacate the judgment, his appeal from the order is dismissed."), appeal denied, 77 N.Y.2d 994, 571 N.Y.S.2d 920 (1991); see DeVito v. Racette, No. CV-91-2331, 1992 WL 198150 at *3-4 (E.D.N.Y. Aug. 3, 1992) (passage of more than 30 days from denial of § 440 motion without appeal bars consideration on federal habeas review); see also cases cited at pages 15-17 & n.8 below.

"'For exhaustion purposes, "a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred."'"  Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997) (quoting Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991) (quoting Harris v. Reed, 489 U.S. 255, 263 n.9, 109 S. Ct. 1038, 1043 n.9 (1989))).[7]  "In such a case, a petitioner no longer has 'remedies available in the courts of the State'

---

[7]     Accord, e.g., Castille v. Peoples, 489 U.S. 346, 350, 109 S. Ct. 1056, 1059 (1989) ("It would be inconsistent with [§ 2254(b)], as well as with underlying principles of comity, to mandate recourse to state collateral review whose results have effectively been predetermined"); St. Helen v. Senkowski, 374 F.3d 181, 183 (2d Cir. 2004) ("even if a federal claim has not been
(continued...)

within the meaning of 28 U.S.C. § 2254(b)."  <u>Grey</u> v. <u>Hoke</u>, 933 F.2d at 120.  Consequently, such procedurally barred claims are "deemed exhausted" by the federal courts.  <u>E.g.</u>, <u>St. Helen</u> v. <u>Senkowski</u>, 374 F.3d at 183; <u>DiGuglielmo</u> v. <u>Smith</u>, 366 F.3d at 135; <u>McKethan</u> v. <u>Mantello</u>, 292 F.3d at 122-23; <u>Ramirez</u> v. <u>Attorney Gen.</u>, 280 F.3d at 94; <u>Reyes</u> v. <u>Keane</u>, 118 F.3d at 139; <u>Bossett</u> v. <u>Walker</u>, 41 F.3d at 828; <u>Washington</u> v. <u>James</u>, 996 F.2d 1442, 1446-47 (2d Cir. 1993), <u>cert. denied</u>, 510 U.S. 1078, 114 S. Ct. 895 (1994); <u>Grey</u> v. <u>Hoke</u>, 933 F.2d at 120-21.

While the application of this rule in cases where the petitioner failed to appeal the denial of his C.P.L. § 440.10 motion has not been entirely consistent, in this case Santos' claims should be deemed exhausted and procedurally barred because of his post-denial default.  Prior to the Supreme Court's 1991 decision in <u>Coleman</u> v. <u>Thompson</u>, 501 U.S. 722, 111 S. Ct. 2546 (1991), and hence prior to the 1995 enactment of the AEDPA, federal courts in New York generally dismissed as unexhausted habeas petitions where the petitioner did not timely seek leave to appeal the lower state court's denial of a C.P.L. § 440 motion.  <u>See</u>, <u>e.g.</u>, <u>Pesina</u> v. <u>Johnson</u>, 913 F.2d 53, 54 (2d Cir. 1990).  In fact, in <u>Pesina</u> v. <u>Johnson</u>, the Second Circuit held that the passing of the

---

[2/]      (...continued)
presented to the highest state court or preserved in lower state courts under state law, it will be deemed exhausted if it has become procedurally barred under state law."), <u>cert. denied</u>, 543 U.S. 1058, 125 S. Ct. 871 (2005); <u>DiGuglielmo</u> v. <u>Smith</u>, 366 F.3d 130, 135 (2d Cir. 2004) (petitioner's procedurally defaulted claims deemed exhausted where he could no longer obtain state-court review because of his procedural default); <u>McKethan</u> v. <u>Mantello</u>, 292 F.3d 119, 122-23 (2d Cir. 2002) (claims deemed exhausted where they were "procedurally barred for not having been raised in a timely fashion"), <u>cert. denied</u>, 129 S. Ct. 233 (2008); <u>Ramirez</u> v. <u>Attorney Gen.</u>, 280 F.3d 87, 94 (2d Cir. 2001); <u>Bossett</u> v. <u>Walker</u>, 41 F.3d 825, 828 (2d Cir. 1994) ("[I]f the petitioner no longer has 'remedies available' in the state courts under 28 U.S.C. § 2254(b), we deem the claims exhausted."), <u>cert. denied</u>, 514 U.S. 1054, 115 S. Ct. 1436 (1995).

statutory time limit for applications for leave to appeal imposed by C.P.L. § 460.10(4)(a) did not

constitute exhaustion of the claim in the state courts, absent some attempt to seek state appellate

review:

> While that statutory limit may ultimately be held by state courts to preclude them
> from reaching the merits of [petitioner's] ineffective assistance claim, he must still
> present that claim to the highest state court.  We have no authority to declare as a
> matter of state law that an appeal from the denial of his original Section 440.10
> motion is unavailable . . . .

Pesina v. Johnson, 913 F.2d at 54.

However, "[t]he Pesina rule has been called into question by several district courts

based on Bossett v. Walker, 41 F.3d 825 (2d Cir. 1994), and Reyes v. Keane, 118 F.3d 136, 139 (2d

Cir. 1997), which note that it is pointless to require a habeas petitioner to return to state court to

pursue a claim that is obviously procedurally barred." Castillo v. Hodges, 01 Civ. 2172, 2004 WL

613075 at *4 (S.D.N.Y. Mar. 29, 2004) (citing cases).  In Thomas v. Greiner, this Court explained

why it concluded that Pesina was no longer good law after Coleman:

> [A]lthough the Second Circuit has not explicitly disavowed this aspect of Pesina, it
> has since explained that federal courts should dismiss with prejudice where "New
> York procedural rules plainly bar petitioner from attempting to raise his" claims in
> state court. Grey v. Hoke, 933 F.2d at 120 . . . .  There is no reason to exempt from
> this general rule a petition for leave to appeal the denial of a CPL § 440.10 motion
> where the time to bring such a petition has expired.  I agree with Chief Judge Sifton's
> reasoning in a case with an identical posture:  "Coleman appears to put to rest
> Pesina's concern that federal courts lack the 'authority' to declare claims procedurally
> defaulted at the state level." DeVito v. Racette, 1992 WL 198150 at *5.  The rule
> articulated in DeVito is appropriate here.  Since it is clear that the claims [petitioner]
> had brought in his CPL § 440.10 motion would be denied as untimely if brought
> back to the state courts, to require him to do so would be wasteful of judicial
> resources.  Finally, if the lapse of a clear  time limit such as the one in CPL
> § 460.10(4) does not provide grounds for a federal court to find exhaustion and a
> resulting procedural bar, it is hard to imagine a state rule that ever could until the
> state courts had ruled – the theory would be that state remedies are never exhausted

because a petitioner can always request relief from the state court, even if it is virtually certain the state court would not grant it.  In order to comply with Coleman, the federal courts must at some point do what Pesina declined to do -- "declare as a matter of state law that an appeal . . . is unavailable."  Pesina v. Johnson, 913 F.2d at 54.  Accordingly, [petitioner's] speedy trial and excessive sentence claims are procedurally defaulted by his failure to seek leave to appeal the denial of his CPL § 440.10 motion.

Thomas v. Greiner, 111 F. Supp. 2d 271, 277-78 (S.D.N.Y. 2000) (Preska, D.J. & Peck, M.J.);

accord, e.g., Castillo v. Hodges, 2004 WL 613075 at *4-5 (finding Thomas "persuasive," and

holding that "[b]ecause petitioner failed to appeal the denial of his 440.10 motion, the claims raised

therein are deemed exhausted [and] procedurally forfeited"); Weeks v. Senkowski, 275 F. Supp. 2d

331, 341 (E.D.N.Y. 2003) (Weinstein, D.J.) ("Although the Pesina rule clearly cuts against the grain

of Bossett and mandates fruitless, time-consuming and expensive litigation, the case has never been

explicitly overruled.  In light of Bossett, this court will not follow Pesina.  Petitioner's claim is

rejected on the ground that it is procedurally barred.  The Second Circuit rule in Pesina should be

explicitly reconsidered." (citations omitted)); see, e.g., Edmee v. Coxsackie Corr. Facility, Nos. 09-

Civ-3940, 09-Civ-3939, 2009 WL 3318790 at *2 (E.D.N.Y. Oct. 14, 2009) ("The failure to timely

appeal the denial of petitioner's § 440.10 motion means that the claim is not only unexhausted, but

procedurally barred under state law because it is too late to take that appeal and a state court would

dismiss it on that ground."); Rodriguez v. Ercole, 08 Civ. 2074, 2008 WL 4701043 at *3 (S.D.N.Y.

Oct. 24, 2008) ("Since the petitioner can no longer move timely for permission to appeal from the

denial of his CPL § 440.10 motion, his ineffective assistance of trial counsel claim is procedurally

barred." (citing Thomas)); Diaz v. Conway, 04 Civ. 5062, 2008 WL 2461742  at *17 (S.D.N.Y.

June 17, 2008); Ayala v. Conway, No. 03 CV 3424, 2008 WL 2169537 at *6 (E.D.N.Y. May 22,

2008) (citing <u>Thomas</u> & other cases); <u>Rashid</u> v. <u>Kuhlman</u>, 97 Civ. 3037,  2000 WL 1855114 at *8 (S.D.N.Y. Dec. 19, 2000).[8]

      In accordance with this Court's decision in <u>Thomas</u> (and the other cases following <u>DeVito</u> and <u>Thomas</u>), Santos' claims (except his excessive sentence claim) are procedurally defaulted by his failure to seek leave to appeal the denial of his C.P.L. § 440.10 motion.[9]

---

[8]      <u>See also</u>, <u>e.g.</u>, <u>Figgins</u> v. <u>Conway</u>, No. 09-CV-0680, 2011 WL 2039573 at *4 (W.D.N.Y. May 25, 2011); <u>Jones</u> v. <u>Marshall</u>, 08 Civ. 5793, 2011 WL 9386 at *12 (S.D.N.Y. Jan. 3, 2011), <u>report & rec. adopted</u>, 2011 WL 1097393 (S.D.N.Y. Mar. 23, 2011); <u>White</u> v. <u>West</u>, No. 04-CV-02886, 2010 WL 5300526 at *17-18 (E.D.N.Y. Dec. 6, 2010) (citing <u>Thomas</u>); <u>Price</u> v. <u>Kirkpatrick</u>, No. 08-CV-0268, 2010 WL 3303856 at *4 (W.D.N.Y. Aug. 19, 2010); <u>Alejandro</u> v. <u>Berbary</u>, No. 08-CV-1809, 2010 WL 2075941 at *5 (E.D.N.Y. May 21, 2010) (citing <u>Thomas</u>); <u>Sams</u> v. <u>Donelli</u>, 07 Civ. 4600, 2008 WL 2939526 at *3 & n.2 (S.D.N.Y. July 28, 2008); <u>Maisonet</u> v. <u>Conway</u>, No. CV-04-2860, 2007 WL 2027323 at *3 (E.D.N.Y. July 10, 2007); <u>but see</u>, <u>e.g.</u>, <u>Quintana</u> v. <u>McCoy</u>, 03 Civ. 5747, 2006 WL 300470 at *5 (S.D.N.Y. Feb. 6, 2006) (although <u>Pesina</u> "may well be on shaky ground, it cannot be nullified by this Court"); <u>Priester</u> v. <u>Senkowski</u>, 01 Civ. 3441, 2002 WL 1448303 at *7 (S.D.N.Y. July 3, 2002) (while the "rule in <u>Pesina</u> has properly been called into question by several district courts . . . . [,][t]his Court . . . cannot overrule the holding of <u>Pesina</u>"); <u>Bloomer</u> v. <u>Costello</u>, 00 Civ. 5691, 2001 WL 62864 at *5 (S.D.N.Y. Jan. 24, 2001) (Lynch, D.J.) ("[I]f <u>Pesina</u> is a 'derelict on the waters of the law,' it is not for this Court to sink it." (citation omitted)).

[9]      In many but not all of the cases cited immediately above, the additional one year for an extension of the time to seek leave to appeal pursuant to C.P.L. § 460.30 also had passed. While that period has not passed here, Santos does not satisfy the requirements of C.P.L. § 460.30.  In any event, this Court had granted Santos a <u>Rhines</u>/<u>Zarvela</u> stay and abeyance, requiring him to file a § 440 within thirty days and return to federal court within thirty days of completing state proceedings.  (<u>See</u> pages 6-7 above.)  After the Court learned that Santos had not sought leave to appeal to the First Department from the § 440 denial, this Court ordered Santos "to move in the First Department for leave to appeal by <u>July 18</u>," 2011.  (<u>See</u> pages 9-10 above.)  Santos did not do so.  At this stage of the case, Santos has not shown good cause (indeed, he has not shown any cause) for failing to exhaust his claims in state court by seeking leave to appeal to the First Department from the § 440 denial.  It would violate the reasoning of the <u>Rhines</u>/<u>Zarvela</u> process to require this Court to continue to hold his petition in abeyance until the one-year period under C.P.L. § 460.30 were to expire,
(continued...)

To avoid such a procedural default, Santos would have to "show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claims will result in a 'fundamental miscarriage of justice,'" i.e., a showing of "actual innocence." Harris v. Reed,  489 U.S. 255, 262, 109 S. Ct. 1038, 1043 (1989) (citations omitted); accord, e.g., Schlup v. Delo, 513 U.S. 298, 324-27, 115 S. Ct. 851, 865-67 (1995); Coleman v. Thompson, 501 U.S. 722, 735, 111 S. Ct. 2546, 2557 (1991); see also, e.g., Messiah v. Duncan, 435 F.3d 186, 195 (2d Cir. 2006); Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005); Smith v. Duncan,  411 F.3d 340, 347 (2d Cir. 2005); DeBerry v. Portuondo, 403 F.3d 57, 64 (2d Cir.), cert. denied, 546 U.S. 884, 126 S. Ct. 225 (2005); St. Helen v. Senkowski, 374 F.3d 181, 183-84 (2d Cir. 2004), cert. denied, 543 U.S. 1058, 125 S. Ct. 871 (2005); DiGuglielmo v. Smith, 366 F.3d 130, 135 (2d Cir. 2004);  Jones v. Vacco, 126 F.3d 408, 415 (2d Cir. 1997); Glenn v. Bartlett, 98 F.3d 721, 724 (2d Cir. 1996), cert. denied, 520 U.S. 1108, 117 S. Ct. 1116 (1997); Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990).

---

[9]/     (...continued)
particularly where this Court specifically ordered Santos to seek leave to appeal by a certain date.  Accordingly, Santos' claims are unexhausted but deemed exhausted and barred from habeas review.  See, e.g., Hernandez v. Filion, 03 Civ. 6989, 2004 WL 286107 at *17 (S.D.N.Y. Feb. 13, 2004) (Peck, M.J.) (Where stay and abeyance granted to allow petitioner thirty days to seek leave to appeal from denial of his § 440 motion, and "[o]ver three months later, it appears that [petitioner] did not appeal the denial of his § 440 motion to the First Department, and it is now too late for [petitioner] to do so, both as a matter of state procedure and, more importantly, as a matter of habeas jurisprudence under Zarvela," claim "should be dismissed as unexhausted but deemed exhausted and procedurally barred." (citing cases)), report & rec. adopted, 2004 WL 555722 (S.D.N.Y. Mar. 19, 2004); see also, e.g., Castillo v. Murray, 04 Civ. 4112, 2005 WL 2373921 at *2 (S.D.N.Y. Sept. 25, 2005) (Where stay and abeyance ordered and petitioner failed to respond to court orders to explain his failure to file and appeal § 440 motions, petition to be dismissed.).

Here, Santos has not attempted to show cause and prejudice or "actual innocence."[10]  Therefore, his

procedural default bars federal habeas relief on those claims.

## II.     SANTOS' EXCESSIVE SENTENCE CLAIM IS NOT COGNIZABLE ON HABEAS REVIEW

Santos' excessive sentence claim (Dkt. No. 9: 2d Am. Pet. ¶ 13) should be denied

because it is not cognizable on habeas review.[11]

---

[10]     Indeed, Santos has admitted to this Court that he "did commit robbery, but only 3," not the six he has been charged with.  (Dkt. No. 23: 6/2/11 Order, Att.: Santos Letter at 2.)  He pleaded guilty to just one robbery (i.e., less than the three he admits to committing), and thus cannot claim actual innocence.

[11]     In addition, this claim is unexhausted and procedurally barred because Santos only raised his excessive sentence claim under state law - requesting that his sentence be reduced in the interest of justice (see page 5 above) - without citing any federal case law and making no mention of any constitutional rights.  See, e.g., McClelland v. Kirkpatrick, No. 08-CV-0683, --- F. Supp. 2d ----, 2011 WL 1518671 at *19 (W.D.N.Y. Apr. 21, 2011) ("Petitioner's appellate brief . . . invoking the power of the Appellate Division to reduce his sentence in the interest of justice under C.P.L. § 470.15(6)(b). . . . [was] insufficient to alert the state court that the claim [was] of a federal constitutional dimension."); Rodriguez v. Lee, 10 Civ. 3451, 2011 WL 1362116 at *7 (S.D.N.Y. Feb. 22, 2011) (Excessive sentence claim was unexhausted and procedurally barred because "petitioner argued on direct appeal that his sentence should be reduced in the interest of justice, but never alluded to a single federal law, case, or constitutional provision."), report & rec. adopted, 2011 WL 1344599 (S.D.N.Y. Apr. 8, 2011); Edwards v. Marshall, 589 F. Supp. 2d 276, 290 (S.D.N.Y. 2008) ("This Court and other courts in this district have found that a prisoner's reliance on a state procedural law granting courts discretionary authority to reduce sentences does not 'fairly present' a federal constitutional claim in state court."); King v. Cunningham, 442 F. Supp. 2d 171, 181 (S.D.N.Y. 2006) ("[T]he constitutional nature of [petitioner's excessive sentence] claim was not 'fairly presented' to the state courts on direct appeal" because petitioner's "Appellate Division brief presented his excessive sentence claim in terms of state law, invoking the power of a state appellate court to reduce sentences in the interest of justice under C.P.L. § 470.15(6)(b).").

An excessive sentence claim does not provide a basis for habeas relief, because "[n]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992).[12/]

Justice McLaughlin sentenced Santos to sixteen years imprisonment for one count of first degree robbery. (See page 5 above.) First degree robbery is a class B violent felony. Penal Law §§ 70.02(1)(a), 160.15. Santos was a second felony offender. (See page 5 above.) New York law authorized Justice McLaughlin to impose a maximum term of twenty five years imprisonment for first degree robbery. See Penal Law §§ 70.06(6)(a).

Because Santos' sentence is within the statutory range, it is not reviewable on federal habeas corpus as "excessive." Accordingly, Santos' excessive sentence habeas claim should be DENIED.

## CONCLUSION

For the reasons discussed above, Santos' habeas petition should be DENIED in its entirety and a certificate of appealability should not be issued.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written

---

[12/]   Accord, e.g., Black v. Conway, 11 Civ. 0480, 2011 WL 2610530 at *12 (S.D.N.Y. June 30, 2011) (Peck, M.J.); Robinson v. Smith, 09 Civ. 8222, 2011 WL 1849093 at *27 (S.D.N.Y. May 17, 2011) (Peck, M.J.); Jackson v. Lee, 10 Civ. 3062, 2010 WL 4628013 at *44 (S.D.N.Y. Nov. 16, 2010), report & rec. adopted, 2010 WL 5094415 (S.D.N.Y. Dec. 10, 2010); Garcia v. Rivera, 07 Civ. 2535, 2007 WL 2325928 at *17 & n.18 (S.D.N.Y. Aug. 16, 2007) (Peck, M.J.) (& cases cited therein); see, e.g., Thomas v. Senkowski, 968 F. Supp. 953, 956 (S.D.N.Y. 1997) ("It is well established that, when a sentence falls within the range prescribed by state law, the length of the sentence may not be raised as grounds for federal habeas relief."); see also, e.g., Townsend v. Burke, 334 U.S. 736, 741, 68 S. Ct. 1252, 1255 (1948) (severity of sentence generally not reviewable on habeas).

objections.  See also Fed. R. Civ. P. 6.[13/]  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Laura Taylor Swain, 500 Pearl Street, Room 755, and to my chambers, 500 Pearl Street, Room 1370.  Any requests for an extension of time for filing objections must be directed to Judge Swain (with a courtesy copy to my chambers).  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:      New York, New York
            August 5, 2011

                                        Respectfully submitted,

                                        Andrew J. Peck
                                        United States Magistrate Judge

Copies to:  Ricky Santos
            Lea L. La Ferlita, Esq.
            Judge Laura Taylor Swain

---

[13/]   If the pro se petitioner requires copies of any of the cases reported only in Westlaw, petitioner should request copies from opposing counsel.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009); SDNY-EDNY Local Civil Rule 7.2.